PASKU, Plaintiff-Appellee, v FRIEDMAN TRANSFER AND CONSTRUCTION CO., Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3133. Decided October 16th, 1946.

216

Peter B. Betras, Youngstown, for plaintiff-appellee.
Harrington, Huxley & Smith, Youngstown, for defendant-appellant.

**OPINION**

By PHILLIPS, J.

Defendant appeals on questions of law from a judgment of the court of common pleas overruling its motion for judgment in its favor notwithstanding the verdict of the jury returned against it in plaintiff's action to recover damages for personal injuries, which verdict the trial judge set aside on the ground it was against the manifest weight of the evidence.

Plaintiff in his petition alleged, among other things:

"* * * that the defendant is a corporation engaged in hauling, trucking and construction work and is authorized to do business in the State of Ohio.

"* * * that he is an employee of the Valley Mould and Iron Company, Hubbard, Ohio, and that on the 3rd day of October, 1943, while so employed for said company, he was riding on the defendant's truck in Sharpsville, Pennsylvania, delivering steel patterns to the plant of the company, when the truck started, the bottom pattern in the truck shifted its position, he was knocked off the truck to the pavement, sustaining severe injuries.

"* * * that the Defendant had full control and posses-

sion of said truck and contents and that the injuries sustained were the direct result of the negligence of the defendant by and through its duly authorized agent in the following respects, to-wit:

"1. The defendant was careless and negligent in that it failed to use ordinary care in the fastening of said patterns in the truck.

"2. The defendant was careless and negligent in that it failed to protect the life and limb of its occupants.

"3. The defendant was careless and negligent in that in the exercise of ordinary care it was dealing with dangerous instrumentalities and knew of the danger to employees of the said Valley Mould and Iron Company riding in said vehicles."

As urged by counsel for defendant, some of plaintiffs specifications of negligence set forth in his petition are indefinite, but since defendant filed no motion to make them definite and certain, like the trial judge, we believe that they support a claim of negligence in the operation of the truck in the manner stated hereinbefore.

There is evidence that on the day plaintiff was injured he was employed by the Valley Mould and Iron Company at its Sharpsville, Pennsylvania, plant in loading and unloading wooden forms and patterns on and from a truck rented by defendant corporation to the Valley Mould and Iron Company for the day, the driver of which was a salaried employee of defendant corporation and acting under specific instructions of his employer at the time plaintiff was injured "not to load or unload" or to "have anything to do to the fastening" of the patterns "at all" when loading and "not to let anyone else drive the equipment," which instructions he obeyed; and under specific instructions of the Valley Mould and Iron Company at the time and immediately before plaintiff was injured "to park the truck with the back of it against the building so we could unload those patterns," and thereafter to back across the six inch curb of Sharpsville Avenue to the steps of one of the buildings of the Valley Mould and Iron Company to load and unload such patterns, and thereafter to drive over such curb enroute elsewhere; that the Valley Mould and Iron Company told plaintiff and some of its employees "many times not to ride the truck," but the testimony of one of its employees, whose duty it was to warn such other employees, is not clear as to whether "he told everybody or not" or specifically instructed them on the day plaintiff was injured not to ride upon the truck; that when defendant's driver "was in

front he came back and told us to be very careful, watch ourselves," warned the plaintiff and his fellow workers that he was about to start defendant's truck and to be careful, "watch ourselves that some of us did not get hurt," and told plaintiff "to go on the back and hold the moulds"; that "when the truck drove out over the curb" in low gear, about three miles an hour, "when he stepped down from the sidewalk to the road the load move", "come from right to left and fall down on side" and "load hit" plaintiff "in back and knocked him in the street, just after the truck was going down over the curb one rear wheel" at a time.

One of plaintiff's co-workers testified that "as this truck was moving away" he "was on one end of this bottom, I had my arm down through this bottom and my shoe on it this way —I reached into it and I got hold of the side and held on to it for dear life. It was hard because I knowed when that truck dropped off the curb that the bottom was goin to go over and this colored man that was there with us he was knocked right down under it altogether and Harry (plaintiff) was out on the road, and there I was with just the tips of my hand hanging on."

We believe the evidence in this case, some of which has been recited, presented jury questions as to defendant's negligence, plaintiff's contributory negligence and proximate cause.

However, we find no substantial evidence that exclusive control of the operation of defendant's truck had passed from defendant corporation to the hirer, or that an existing relation of respondeat superior between defendant's employees and the hirer at the time plaintiff was injured was conclusively shown by the evidence, as urged by counsel for defendant. See **Babbitt v Say, 120 Oh St 177.**

Considering the record in this case in the state in which it is we can not "allow the verdict of $7,500.00 returned by the jury to stand and render final judgment thereon in his favor" as plaintiff's counsel urges us to do.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.